IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEIGH ANNE LLOYD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-cv-399 |
| | § | |
| | § | JURY DEMANDED |
| | § | |
| VALERIEANNE AND FLOYD, INC. | § | |
| DBA ELITE HOME HEALTH | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Leigh Anne Lloyd and files this Original Complaint against Valerieanne and Floyd, Inc. dba Elite Home Health ("EHH" or "Defendant") and alleges as follows:

**Introduction**

1. Plaintiff, Leigh Anne Lloyd was an employee of Defendant, Valerieanne and Floyd, Inc. dba Elite Home Health. Plaintiff seeks damages arising from defendants' violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h) and Texas Health and Safety Code §142.0093 which protects employees of home health agencies in the State of Texas against retaliation providing in good faith information relating to home health. Plaintiff also seeks damages for defamation and tortious interference with contractual and prospective contractual relations.

**Parties**

2. Plaintiff, Leigh Anne is a resident of Tatum, Rusk County Texas. Ms. Lloyd was hired by Defendant, Valerieanne and Floyd, Inc.dba Elite Home Health to work as a marketer of

its home health services out of its Longview, Texas office.

3. Defendant Valerieanne and Floyd, Inc. dba Elite Home Health is headquartered in Longview, Gregg County, Texas. EHH provides home health services in Longview area, including areas of Harrison County, Texas. Defendant may be served by delivering the Complaint and Summons to its Registered Agent for Service, Darryl R. Jones, 3113 H. G. Mosley Parkway, Longview, TX 75605.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to both 28 U.S.C. §1331 and 31 U.S.C. §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§3729 and 3730. This Court has pendant jurisdiction over the state law claims.

5. This Court has personal jurisdiction over the Defendant for the reason that it can be found in and transact, or have transacted, business in the Eastern District of Texas.

6. Venue is proper in this District pursuant to 31 U.S.C. §3732(a) because the Defendant can be found in and transact, or have transacted, business in the Eastern District of Texas.

## Background Allegations

7. Ms. Lloyd's retaliatory discharge occurred because she was seen providing information to the United States through the Medicare program in violation of the False Claims Act.

### The Medicare Program/False Claims Act

8. Medicare is a federally funded health insurance program primarily benefitting the elderly. Medicare was created in 1965 when Title XVIII of the Social Security Act was adopted.

Medicare, the nation's largest health insurance program, provides health insurance to people age 65 and over, those who have end-stage kidney failure, and certain people with disabilities.

9. In 1863, Congress established the False Claims Act, 31 U.S.C.A. § 3730, which provides 'whistleblower' protection for individuals who report Medicare fraud. Under the False Claims Act's anti-retaliation provision:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1).

### Protected Conduct

10. Ms. Lloyd was hired to market EHH's services to local health care providers in Longview and the surrounding area. Ms. Lloyd has enjoyed a long career in the marking of health care services and has developed a sterling reputation in the industry.

11. On or about October 25, 2017, Ms. Lloyd was contacted by a member of the EHH staff who informed her that an investigator from Medicare and from the Office of the Inspector General (OIG) were in the EHH offices and wanted to speak with her. Plaintiff immediately went to the EHH office in Longview and proceeded to be interviewed by the Medicare and OIG investigators in an open area in the office.

12. During the interview, John Craig, CEO of Defendant came to the EHH office and introduced himself to the investigators. Plaintiff continued her interview with the investigators and was cautioned by the investigators not to disclose the nature or content of the interview with anyone. After the thirty-minute interview, the investigators left the EHH office. Plaintiff was

immediately approached by Craig and taken into his private office. Craig asked Plaintiff directly about what she discussed with the Medicare and OIG investigators. Plaintiff refused to disclose the nature or content of any of her discussions with the investigators. When Plaintiff refused to answer his questions, Craig became visibly upset and Plaintiff excused herself from the meeting.

13. One week after her interview with the Medicare and OIG investigators, Plaintiff was summoned to the EHH offices where she was terminated by Craig. Craig failed to provide any reason for Plaintiff's termination to her at the time of her termination or to the Texas Workforce Commission.

## Specific Allegations

14. Plaintiff was terminated by reason of her protected conduct in providing information to the Medicare and OIG investigators as described herein.

15. Since leaving EHH, Ms. Lloyd has had difficulty finding work. She initially took another marketing position at a competitive company in Longview, but was told by the owner of the company that he could not hire her because of all of the harassment he was receiving from Craig. She was also told by a colleague that she was being blacklisted by Craig. Craig communicated false information to Plaintiff's prospective employers in an attempt to thwart her efforts to find employment.

16. Ms. Lloyd joined EHH with promises of bonuses and commissions. However, she was only paid one bonus during her tenure with EHH.

## COUNT I

False Claims Act Retaliatory Discharge 31 U.S.C. § 3730(h)

17. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

18. Pursuant to 31 U.S.C. § 3730(h), the False Claims Act prohibits an employer from discharging, demoting, suspending, threatening, harassing, or in any other manner discriminating against an employee in the terms and conditions of employment because of lawful acts done by the employee in furtherance of an action under the Act.

19. Ms. Lloyd engaged in activities protected by the False Claims Act by providing information to the Medicare and OIG investigators. By openly communicating with the investigators, Ms. Lloyd engaged in lawful, protected conduct.

20. Defendants discriminated against Ms. Lloyd in the terms and conditions of her employment by harassing her, threatening her, and discharging her because she provided information to the Medicare and OIG investigators.

COUNT II

Tortious Interference with Existing and Prospective Contractual Relationships

21. Plaintiff had a valid contract of employment with Family Home Health.

22. Defendant's agent Craig knew or had reason to know of Plaintiff's contract with Family Home Health and plaintiff's interest in the contract. Once Craig found out about Plaintiff's employment with Family Home Health, he began a campaign of intimidation and harassment in order to convince Dave Harbour to terminate the employment agreement with Plaintiff. After a time, Dave Harbour terminated Plaintiff because of the continued harassment from Craig.

23. By virtue of the actions of its agent, Craig, Defendant willfully and intentionally interfered with plaintiff's contract with Family Home Health.

24. Defendant's agent Craig has continued his campaign of harassment against

Plaintiff by communication with her prospective employers and giving them false information in an effort to dissuade the companies from hiring Plaintiff.

25. Defendant's interference proximately caused injury to plaintiff, which resulted in actual damages or loss in the form of lost wages and benefits.

WHEREFORE, Ms. Lloyd requests that the Court enter judgment in her favor and against Defendants, awarding Ms. Lloyd:

a. two times the amount of back pay Ms. Lloyd would have earned but for Defendants' retaliatory conduct,

b. "front pay" in lieu of reinstatement with the same seniority status that she would have had but for the Defendants' discrimination;

c. interest on the back pay and front pay,

d. compensation for any special damages sustained as a result of defendant's discrimination,

e. all costs of this action, including attorneys' fees and expenses;

f. all relief necessary to make Ms. Lloyd whole; and

g. all such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice, Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com

**ATTORNEYS FOR PLAINTIFF**